JOSEPH H. LUMLEY, Appellant, *v.* ANATRON CHEMICAL COMPANY, Respondent.

*Attachment — sufficiency of an averment of the right of the plaintiff's assignor, a foreign corporation, to do business in the State of New York.*

On an application for an attachment, by the assignee of a claim for goods sold by a foreign corporation, an allegation in the complaint and affidavit, that such corporation is "duly authorized to transact business within the State of New York," is sufficient, although the facts upon which that conclusion is based are not set forth.

APPEAL by the plaintiff, Joseph H. Lumley, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 23d day of August, 1900, vacating and setting aside a warrant of attachment against the property of the defendant.

The notice of appeal states, "and the plaintiff also appeals from the direction in said order therein contained that the defendant have-ten dollars costs of motion, but the plaintiff does not appeal from the terms on which said direction for costs is conditioned."

*Franklin D. Peale,* for the appellant.

*Charles F. Davies,* for the respondent.

PER CURIAM:

The plaintiff, the assignee of the cause of action sued on, presented to one of the justices of this court the complaint duly verified, and an affidavit of the plaintiff and obtained a warrant of attachment against the property of the defendant as a foreign corporation. It appeared from the papers submitted that the plaintiff was a resident of the city, county and State of New York and that he was at all times mentioned in the complaint the treasurer of Peale, Peacock & Kerr, a corporation organized under the State of Pennsylvania and duly authorized to transact business within this State; that the said corporation sold and delivered to the defendant at the city of New York certain goods, wares and merchandise at an agreed price and of the fair market value specified, and that the said corporation duly assigned this claim to the plaintiff. The defendant moved to vacate

this attachment upon the ground that the papers upon which it was granted contained "no competent or sufficient proof * * * to show * * * that a cause of action existed in favor of plaintiff against the defendant, and facts essential to jurisdiction by the court," and it is sought to sustain the order vacating the attachment upon the ground that there was no proof that the corporation (plaintiff's assignor) was authorized to do business within this State, or to maintain an action to recover on a cause of action arising in this State under section 15 of chapter 687, Laws of 1892, and section 181 of chapter 908, Laws of 1896. The affidavit upon which the attachment was granted alleges that the corporation (plaintiff's assignor) was a Pennsylvania corporation duly authorized to transact business within the State of New York, and the complaint alleged that the corporation named was a corporation organized and existing under and by virtue of the laws of the State of Pennsylvania, and duly authorized to transact business within this State.

We think that there was a sufficient averment in the complaint and affidavit that the corporation had complied with the laws of this State so as to authorize it to do business in this State. The allegation is that the corporation is "duly authorized to transact business within the State of New York." It is not necessary under our system of pleading to set up the evidence which supports the conclusion. It is sufficient to allege the conclusion.

The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements, and the motion to vacate the attachment denied, with ten dollars costs.

Present — VAN BRUNT, P. J., PATTERSON, O'BRIEN, INGRAHAM and HATCH, JJ.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.